UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL MATTSON; JERRY MILLER, UNION COUNTY STATES ATTORNEYS OFFICE; ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:21-CV-04177-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING CASE |

Petitioner Daniel Jose Gomez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Gomez moves for leave to proceed without prepayment of fees and filed a prisoner trust account report. Docs. 2, 3. Gomez also moves to appoint counsel and to join this case with several other cases. Docs 5, 6.

I.      **Motion for Leave to Proceed Without Prepayment of Fees**

Gomez moves for leave to proceed without prepayment of fees and filed a prisoner trust account report. Docs. 2, 3. Gomez's prisoner trust account report shows average monthly deposits for the past six months of $100.00 and an average monthly balance for the past six months of $6.09. Doc. 3. Accordingly, the Court finds that Gomez is indigent and grants his motion for leave to proceed in forma pauperis. This Court also waives the $5 filing fee.

II.     **Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254**

   A.   **Procedural History**

Gomez has filed a prior habeas petition under 28 U.S.C. § 2254 challenging the conviction he seeks to challenge in his present petition. See Gomez v. Dooley, 4:21-CV-04085, Doc. 1. This Court found that it did not have subject-matter jurisdiction over Gomez's prior petition because he was no longer in state custody when he filed it. Gomez v. Dooley, 4:21-CV-04085, Doc. 14 at 3.

Gomez filed the current § 2254 petition on November 1, 2021. Doc. 1. Gomez raises several claims contesting his 2008[1] conviction for second-degree escape in violation of South Dakota law and his present-day habitual offender status resulting from his 2008 conviction. Id. at 4-16.

**B.    Discussion**

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

This Court's preliminary review, required by Rule 4, reveals Gomez's current § 2254 petition is a second or successive petition and should be dismissed.

28 U.S.C. § 2244 states:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of the court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

---

[1] Gomez does not indicate the date of the conviction that he is challenging in his habeas petition. Doc. 1 at 1. In his prior habeas petition, he indicated that the date of the conviction was September 22, 2008. Gomez v. Dooley, 4:21-CV-04085, Doc. 1 at 1.

> . . . .
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Similarly, Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts states, "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Further,

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

Tyler v. Cain, 533 U.S. 656, 661-62 (2001).

In the current petition, Gomez challenges his 2008 conviction for second-degree escape. See Doc. 1 at 1. He argues that the application of this conviction to South Dakota's habitual offender statutes exposes him to double jeopardy by punishing him twice for the same crime and that the filing of a recent Part II habitual information including his conviction for escape opens the door to challenging that conviction. Id. at 4-13. He claims that his court appointed counsel were ineffective in advising him to plead guilty and in challenging his conviction in a state habeas proceeding. See id. at 14-15. He alleges that South Dakota First Judicial Circuit Court Judge Arthur L. Rusch, the Department of Corrections, and the Army Reserves conspired to prevent him from filing an appeal to his initial state habeas action. See Id. at 13. He also alleges that Union County State's Attorney Jerry Miller and his court appointed counsel Michael J.

3

McGill conspired to deprive him of his constitutional rights by obtaining an involuntary guilty plea and that this conspiracy was later joined by Judge Arthur L. Rusch and his court appointed counsel Phillip D. Peterson. See id. at 14. He claims that he was deprived of his right to defend against allegations and to cross examine and question witnesses by the South Dakota State Attorney General, the Minnehaha County State's Attorney's Office, the Union County State's Attorney's Office, the Minnehaha County Second Judicial Circuit Court, his court appointed counsel Mark Kadi, Julie Hoffer of the Minnehaha County Public Advocate's Office, and the Minnehaha County Public Defender's Office. Id. at 15. He also claims that the State of South Dakota and its employees and entities have violated his right to due process. Id. at 16. Some, but not all, of these claims appear in Gomez's prior habeas petition. See Gomez v. Dooley, 4:21-CV-04085, Doc. 1 at 4-8.

Gomez's prior petition regarding his 2008 escape conviction was dismissed by this Court on the merits. Gomez v. Dooley, 4:21-CV-04085, Doc. 14. Gomez had been discharged from Department of Corrections custody on April 8, 2014, and he was no longer in custody when he filed his petition. Id. at 3. This Court explained that "[a] federal court does not have subject matter jurisdiction 'once the sentence for a conviction has completely expired' because the petitioner does not have a habeas corpus remedy." Id. at 2-3 (quoting Hogan v. Iowa, 952 F.2d 224, 225 (8th Cir. 1991).

Thus, this action is barred because it is a second or successive habeas corpus petition. Although some of Gomez's claims are new and may fall under the exceptions in § 2244(b)(2), this Court has no jurisdiction over his petition without an order from the Eighth Circuit Court of appeals authorizing this Court to hear the petition. 28 U.S.C. § 2244(b)(3)(A). Gomez has made no showing that he received permission from the Eighth Circuit to file a second or subsequent

4

writ of habeas corpus as required by § 2244(b)(3)(A). As a result, this Court is without jurisdiction to consider petitioner's request for relief. Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997).

### C.  Order

Accordingly, it is

ORDERED that Gomez's motion for leave to proceed without prepayment of fees, Doc. 2, is granted. It is further

ORDERED that Gomez's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Doc. 1, is dismissed with prejudice and no certificate of appealability will be issued. It is further

ORDERED that Gomez's motions to appoint counsel and to join cases, Docs. 5 and 6, are denied as moot.

DATED this 30th day of November, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE